CHAPELLE vs. WELLS & AL.

APPEAL from the court of the eighth district.

It is no violation of an exclusive right to keep a ferry, to cross persons without demanding toll.

4NS 426
d115 993

PORTER, J., delivered the opinion of the court. This action is brought to recover damages, which the plaintiff alleges he has sustained by the defendant's disturbing him in the use and enjoyment of a ferry, to which he

has an exclusive right, by virtue of an act of the legislature.

East'n. District.
*April*, 1826.

CHEFELLE
*vs.*
WELLS & AL.

The acts of disturbance are alleged to be the establishment of another ferry within the limits conceded to the petitioners, by the aforesaid act.

The general issue was pleaded; the case submitted to a jury, and by them found for the defendants, and in our opinion correctly.

The evidence shows the defendants had a boat on the river, near to the ferry of the plaintiff, and that they were in the habit of crossing there themselves and permitting others to cross; but there is no proof that they made any charge for doing so, or that they received compensation therefor. The third section of the act under which this suit is brought, prohibits any person from *establishing a ferry*, within the limits conferred on the plaintiff. Now *to the establishment of a ferry*, the taking of toll is essential. A ferry is defined to be, a liberty, by prescription or grant, to have a boat for passage upon a river, for carriage of horses and men, *for reasonable toll.* We have no doubt it was in that sense the word was used by the legislature; it never could have been their intention to prevent men from

CHEPELLE
*vs*
WELLS & AL.

using their own boats to cross the river, nor to prevent them from lending these boats to their neighbours, so they did it gratuitously.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be affirmed with costs.

*Ripley & Conrad* for the plaintiff, *Hennen* for the defendant.